

# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JOHNNY J. COLE**                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:01cv65JMR-JMR**

**KMART CORPORATION**                                                          **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the motion of the Defendant, Kmart Corporation ("Kmart") to Dismiss [33-1] to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows:

The premises liability action results from an incident that allegedly occurred in Kmart on April 5, 1999. On January 22, 2002, Kmart and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northen District of Illinois (the Bankruptcy Court") All claims for incidents that transpired before January 22, 2002 come under the exclusive jurisdiction of the Bankruptcy Court. On March 26, 2002, the Bankruptcy Court entered an order establishing July 31, 2002 as a deadline by which all persons asserting claims against Kmart alleged to have arisen prior to January 22, 2002 must file proofs of claims with the Bankruptcy Court evidencing their claims ("Bar Date Order"). Plaintiff timely filed a proof of claim preserving this claim in Bankruptcy Court. In July of 20002, the Bankruptcy Court entered order which established deadlines and approved procedures for liquidating and settling personal injury claims. On February 22, 2004, Kmart filed its Twenty First Omnibus Objection ("Omnibus Obejction") to Claims in which it asked for relief

with regard to a number of claims made against it in the Chapter 11 proceeding including the claim of the Plaintiff herein, where Kmart had not reached a final settlement with the claimants and for which either (a) a dollar amount was not specified on the claim or (b) Kmart believed the claimed was overstated. All claimants who wished to respond to Kmart's Omnibus Objection were required to serve a response by March 8, 2004. In addition, the Omnibus Objection provided a telephone number and website address for Claim Reconciliation Hotline of any claimant who was uncertain if the hearing was also served on with the Omnibus Objection applied to his claim.

A Notice hearing was also served with the Omnibus Objection advising all Claimants that of the March 8, 2004 objection deadline and the March 15, 2004 hearing date for the Omnibus objection. It advised all Claimants that their proof of claim may be listed in one of the exhibits and that if they did not object to the relief requested an Order would be presented to Bankruptcy Court and the relief may be granted.

Plaintiff failed to file any objection to the Omnibus Objection by March 8, 2004. On March 15, 2004, a hearing was held on the Omnibus Objection and on April 1, 2004, the Bankruptcy Court entered a written Order granting Kmart's Omnibus Objection and approving the amount proposed by Kmart for the claim. Plaintiff's claim is listed on Page 49 of Exhibit F to the Bankruptcy Court's Order. Pursuant to this Order, Plaintiff's claim has been reclassified to the sum of $125,000.00 which is the amount that Kmart offered to settle this claim in the Omnibus Objection.

Defendant filed this Motion to Dismiss on February 6, 206 and Plaintiff who is represented by counsel has not filed any objection. The Court finds that the determination of the Bankruptcy Court should be given full faith and credit by this Court and there is no dispute remaining for this Court's determination. Thus, this Court finds that the defendants are entitled to judgment as a matter

of law. Accordingly, the Defendants' Motion [33-1] to Dismiss should be granted.

This the _____20th_____ day of June, 2006.

_____
CHIEF UNITED STATES MAGISTRATE JUDGE